IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3090-BO
No. 5:10-CT-3005-BO

| | |
|---|---|
| RONALD VOREL, )  |  |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DR. SERGIO MERCADO, ) | |
| Defendants. ) | |

Plaintiff filed two actions, now consolidated, against numerous employees of the Federal Medical Center in Butner, North Carolina ("FMC Butner").[1] Plaintiff was a federal inmate when he filed the actions pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,</u> 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA").[2] Now before the court are numerous motions which are as follows: Dr. Christopher Coughlin's motion to dismiss (D.E. # 23), Dr. John Mehanna's motion to dismiss (D.E. # 39), Vorel's motion to appoint counsel (D.E. # 44), Vorel's motion to issue subpoenas (D.E. # 47), and defendants' (Andes, Bonner, Jacobs, Johns, Lappin, Mercado, Ortiz, Rivero, Williams, and Winston) motion to dismiss or, in the alternative summary judgment (D.E. # 49).

Specifically, the actions allege defendants violated plaintiff's Eighth Amendment rights by denying him adequate health care and by being deliberately indifferent to his medical needs. The deficient health care relates to the treatment of petitioner's diagnosed "serious chronic medical

---

[1]The related case in <u>Vorel v. Johns, et al.</u>, 5:10-CT-3005-FL (re-assigned as 5:10-CT-3005-BO as appears above), which was consolidated on November 12, 2010.

[2]Defendants characterize some of plaintiff's claims as being raised under the FTCA or in negligence. Specifically, Vorel argues that he slipped and fell and was denied medical care. (see, amended compl.)

condition," Behcet's Syndrome. Responses to all pending motions have been made, and all motions are ripe for determination.

DISCUSSION

A.   Motion to Dismiss

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

   i.   Dr. Christopher Coughlin's Motion to Dismiss

As correctly stated by Dr. Couglin in his Motion to Dismiss, only the Original and Amended Complaint filed in Vorel v. Johns, et al., No. 5:10-CT-3005-BO make allegations against him. Plaintiff's allegations allege that defendant doctors were unaware of the content of his medical chart. He alleges his primary care provider scheduled physical therapy but thereafter, the "need for physical therapy and health care for other chronic conditions were ignored" and no follow-up

2

with his primary care provider occurred. (Amended Complaint, pp. 2-3). Plaintiff also alleges that "neither of these doctors [including Dr. Coughlin] made an effort to follow-up with or insist" that his primary medical care team "provide aggressive physical therapy and necessary treatment" which would alleviate the need for his wheelchair. (Amended Complaint, p. 3). Plaintiff alleges that the acts of defendants of "not following up or insuring appropriate timely healthcare constitute negligence and deliberate indifference..." (Amended Complaint, p. 3).

Plaintiff also appears to allege a claim for medical negligence. He alleges, what is construed as, the existence of a lack of "quality healthcare, consistent with community medical practice and standards..." (Amended Complaint, p. 1). Plaintiff argues defendants' "personal attitudes lead to deliberate indifference and neglect" of his alleged serious medical needs. (Amended Complaint, p. 3). Furthermore, he asserts that defendants' acts of "not following up or insuring appropriate timely healthcare constitute negligence and deliberate indifference..." (Amended Complaint, p. 3).

Plaintiff argues that Dr. Coughlin's signature on a September 8, 2008, Tumor Board Meeting report wherein compassionate release was considered and denied is evidence of his claims. He states the signature and denial of compassionate release illustrate deliberate indifference, negligence, and accounts for his inability to get the medical care required. Specifically, plaintiff argues that due to this decision, his slip and fall medical care was ignored.

In defendant Coughlin's answer, he states he has not provided treatment to plaintiff. Defendant Coughlin also denied that plaintiff was referred to him for treatment. Defendant Coughlin states that during the relevant time period for this suit and while providing patient care to inmates at FMC Butner, he was a physician licensed to practice medicine in the State of North

3

Carolina. He further states that while board certified in internal medicine, hematology, medical oncology, and radiation oncology, while practicing at FMC Butner from January 2008 to the present, he specialized in, and only provided medical care to, inmates in the field of radiation oncology (the provision of radiation treatment for cancers). (D.E. # 23, Motion to Dismiss, Coughlin Affidavit, ¶ 6). At no time while practicing at FMC Butner did defendant Coughlin provide radiation oncology treatment to plaintiff, nor was plaintiff ever referred to defendant Coughlin for radiation oncology treatment. (Id., Coughlin Affidavit, ¶ 6). Plaintiff's Behcet's syndrome is not a malignant condition (not cancer) and thus was not treated with radiation at FMC Butner according to Coughlin. (Id., Coughlin Affidavit, ¶ 6).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). In order to prove such a claim, Vorel "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. See, e.g., id.; Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir.1986). Further, disagreement with medical staff over the course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06. Lastly, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v.

4

Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985); and, Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Defendant Coughlin was not deliberately indifferent to plaintiff's medical needs because defendant Coughlin did not provided treatment to plaintiff, at any time relevant to the complaint. (Coughlin Answer, pp. 4-5; Id., Coughlin Affidavit, ¶ 6). According to defendant Coughlin, plaintiff's Behcet's syndrome is not a malignant condition (not cancer) and was not treated with radiation at FMC Butner. (Id., Coughlin Affidavit, ¶ 6). Furthermore, at no time while practicing at FMC Butner was plaintiff ever referred to defendant Couglin for radiation oncology treatment. (Id., Coughlin Affidavit, ¶ 6). Plaintiff's allegations, without more, cannot support a claim against defendant Coughlin for a violation of Plaintiff's Eighth Amendment rights. The claims against defendant Coughlin at most are the allegations about a disagreement over the inmate's medical care, which does not state a claim for deliberate indifference against defendant Coughlin, especially given defendant Coughlin never treated plaintiff. Furthermore, the denial of compassionate release is not grounds for, or support of, deliberate indifference or any negligence in the slip and fall denial of medical care claim. Nor does such a decision suggest that medical care was to be altered or discontinued. The decision was simply an administrative decision that an individual does not qualify for compassionate release, nothing more. It did not diminish or nullify medical care concerns and treatment for plaintiff.

Defendant Coughlin also seeks dismissal of any negligence claim for failure to comply with North Carolina's pre-filing requirement Rule 9(j). In North Carolina there are substantive legal requirements that a person must follow to pursue a medical malpractice claim. A plaintiff

5

asserting negligence must prove the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, a causal relationship between the breach of duty and the plaintiff's alleged injuries, and certain actual injury or loss sustained by the plaintiff. Camalier v. Jeffries, 340 N.C. 699, 706 (1995); Blackwell v. Hatley, 688 S.E.2d 742, 746 (N.C. Ct. App. 2010).

North Carolina Rule of Civil Procedure 9(j) states in relevant part:

Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. §] 90-21.12 shall be dismissed unless:

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt. Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676-77 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713-14 (E.D.N.C. 2001). "Rule 9(j) unambiguously requires a trial court to dismiss a complaint if

6

the complaint's allegations do not facially comply with the rule's heightened pleading requirements." Barringer v. Forsyth County Wake Forest Univ. Baptist Med. Ctr., 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009). Furthermore, plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements. See, e.g., Smith v. United States, No. 1:08cv838 (LO/JFA), 2010 WL 256595, at *3 n.5 (E.D. Va. Jan. 19, 2010) (unpublished).

One exception to the 9(j) requirement is when negligence may be established by the litigant under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (emphasis removed) (quotation omitted); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffmer v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691-94, 336 S.E.2d 116, 118-19 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). Thus, the court concludes that because of Vorel's failure to comply with Rule 9(j) or plead facts to fall within the res ipsa loquitur exception, defendant Coughlin's motion to dismiss as to the negligence claim must be allowed.

Lastly, the allegation that defendant Coughlin's signature on the administrative review/determination and BOP decision to deny compassionate release illustrates the reason for the slip and fall negligence or deliberate indifference is meritless, unsupported, and dismissed. See, generally See Iqbal, 129 S.Ct. at 1949–50; Twombly, 550 U.S. at 556; White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a

7

minimum level of factual support is required).

   ii.   Dr. John Mehanna's Motion to Dismiss

      a.   Negligence

Defendant Mehanna seeks dismissal of any negligence claim for failure to comply with North Carolina's pre-filing requirement Rule 9(j). For the reasons stated above in the discussion of North Carolina Rule of Civil Procedure 9(j) and N.C. Gen. Stat. § 90-21.11 and 21.12, dismissal is appropriate. (See, i. Dr. Christopher Coughlin's Motion to Dismiss, p. 5-7) The claim of negligence is dismissed.

      b.   Deliberate Indifference

As for the claim of deliberate indifference, the issue is likewise dismissed. Defendant Mehanna is a medical doctor providing medical services to inmates at FMC Butner. (Aff. Mehanna, ¶ 10). After review of the entire record, this claim appears to be the result of a disagreement with medical staff over the course of treatment which is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta, 330 F.3d at 635; Russell, 528 F.2d at 319. Likewise, as previously stated mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06. The claim is dismissed.

B.   Motion for Appointment of Counsel

Before the court is a motion for appointment of counsel filed by plaintiff (D.E. # 44). There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon

"the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Plaintiff has asserted straightforward claims, and the case does not appear to present exceptional circumstances. Furthermore, it is clear from the docket sheet and the docket sheets in his other cases, his ability to proceed in this district court has not been hindered. The court has considered the letter attached to Vorel's motion allegedly sent by Dr. Lawless. The court also considered Vorel's release from incarceration and the avenues of legal services which he may currently pursue. In consideration of everything now before the court, the motion is denied.

C.   Motion to Issue Subpoenas

Plaintiff has before the court a filing "asking that this Honorable Court issues [sic] Subpoenas to . . . Dr. Ajay Arjamani . . .and Dr. Carlos Williams . ." The court does not involve itself in initial requests for discovery matters, which is what this request is, a request to provide medical testimony regarding Vorel's care while at FMC-Butner. The motion to issue subpoenas (# 47) is denied.

D.   Defendants' (Andes, Bonner, Jacobs, Johns, Lappin, Mercado, Ortiz, Rivero, Williams, and Winston) Motion to Dismiss, or Alternatively for Summary Judgment

To review, both actions now before the court alleged that defendants violated plaintiff's Eighth Amendment rights, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), by not providing him with adequate health care and by being deliberately indifferent to his needs. Specifically, he asserts in both cases that the deficient health care relates to the treatment of Behcet's Syndrome. He asserts that "[w]ith appropriate immunosuppressant drug therapy, medication, pain management and frequent hands on physical

9

therapy [he] would be able to walk without support and sustain self-sufficiency." (D.E. # 11) Both actions also appear to allege a claim arising out of the Federal Tort Claims Act ("FTCA"), in that plaintiff allegedly slipped and fell and was allegedly denied medical care while at Butner.

Because the court has considered matters outside the pleadings, it treats defendant's motion as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading. Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-587. The court can rely on the medical affidavits and prison medical records in ruling on a motion for summary judgment. See generally, Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982).

The declaration of Dr. Mercado reviews the treatment plaintiff received from the medical staff at Butner. (D.E. # 50, Mem. in Supp. of the Mot. to Dimiss, Exhibit C). Dr. Mercado further

10

asserts that after a full review, he established a treatment regime to manage plaintiff's symptoms. (Id. ¶ 9) Butner medical staff also met with plaintiff on several occasions regarding various aspects of his treatment:

> He was monitored by labs, he was seen for sick call when he actually presented to the clinic and signed up for sick call, and he was seen for routine chronic care clinics. He was seen by me for chronic care 5 times (11/14/08, 02/10/2009, 05/04/2009, 08/55/2009, 01/07/2010), for sick call by a mid-level practitioner (also known as "MLP" or physician's assistant) 5 times (11/07/2008, 11/21/2008, 12/18/2008, 03/20/2009, 10/23/2009), for an intake evaluation once (10/21/2008), for unscheduled follow up evaluations with MLPs/Paramedics 4 times (10/24/2008, 12/25/2008, 12/31/2008, 01/15/2009), by Physical Therapy 24 times (09/12/2008-05/04/2010), by Occupational therapy 2 times (09/17/2008, 10/15/2008), and by the social worker once (9/23/2008). While at Butner, he also saw the Rheumatologist once (on or about 9/08 or 10/08), the Neurologist once (09/23/2008), the Ophthalmologist once (02/09/2009), the Physiatrics twice (09/25/2008, 12/11/2008), and Hematology once (01/27/2009).

(Id.) The court finds that the outline of this treatment does not establish a Bivens' Eighth Amendment claim for deliberate indifference to a serious medical condition. After review of the entire record, the claim appears to be the result of a disagreement with medical staff over the course of his treatment which is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta, 330 F.3d at 635; Russell, 528 F.2d at 319. Likewise, as previously stated mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06. The claim is dismissed.

Lastly, the negligence claim as a result of the slip and fall and denial of medical care is dismissed for his failure to comply with Rule 9(j) as discussed above.

11

CONCLUSION

Accordingly, Dr. Christopher Coughlin's motion to dismiss (D.E. # 23) is GRANTED, Dr. John Mehanna's motion to dismiss (D.E. # 39) is GRANTED, Vorel's motion to appoint counsel (D.E. # 44) is DENIED, Vorel's motion to issue subpoenas (D.E. # 47) is DENIED, and defendants' (Andes, Bonner, Jacobs, Johns, Lappin, Mercado, Ortiz, Rivero, Williams, and Winston) motion to dismiss or, in the alternative summary judgment (D.E. # 49) is GRANTED.

SO ORDERED, this the 26 day of September 2011.

*Terrence W. Boyle*
TERRENCE W. BOYLE
United States District Judge